**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

**ESTUARDO MISAEL CANDO DUCHIMAZA**

       *Petitioner*

       **v.**

**KENNETH GENALO, NY Director,**

       **Enforcement & Removal Operations, U.S.**
       **Immigration and Customs Enforcement;**

**TODD LYONS, Acting Director, U.S. Immigration**
       **and Customs Enforcement;**

**KRISTI NOEM, Secretary of the U.S. Department**
       **of Homeland Security; and**

**PAMELA BONDI, Attorney General of the United States,**

**RAUL MALDONADO, Warden, Metropolitan Detention**
       **Center, Brooklyn, NY US Bureau of Prisons**

       *Respondents.*
_____

**EMERGENCY PETITION**

**A No. 222-514-524**

**PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241)**
**AND EMERGENCY ORDER TO SHOW CAUSE WITH**
**TEMPORARY RESTRAINING ORDER**
.

1. ESTUARDO MISAEL CANDO DUCHIMAZA ("Petitioner"), by counsel, respectfully petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and moves by Emergency Order to Show Cause and Temporary Restraining Order. This petition is filed on an emergency basis to prevent Petitioner's unlawful transfer or removal.

2. Petitioner has not had an opportunity to interview with counsel. Since Respondents have not yet provided Petitioner with access to any recent detention documents, nor the opportunity to review them with counsel, the factual allegations here are pleaded upon information and belief, except where otherwise stated. Petitioner reserves the right to amend or supplement this Petition as more facts become available.

3.

### THE FACTS

4.  Mr. ESTUARDO MISAEL CANDO DUCHIMAZA is a 26 -year-old Ecuadorian construction

    worker and a resident of Corona, Queens, NY.

5.  Petitioner arrived through the Southern border on September 29, 2023.

6.  He has a fixed address 58-29 Penrod Street, Corona, NY 11368 and has lived in Corina since his arrival to

    the US.

7.  Upon information and belief, he had no contact with the Department of Homeland Security (DHS) since

    arriving in the US until his recent arrest by ICE Immigration and Customs Enforcement (ICE) recently.

8.  On December 15, 2025, at about 6:30 PM, he was arrested outside his place of employment, a house he was

    renovating at 2334 Valentine Avenue in the Bronx, NY by ICE agents.

9.  ICE agents illegally racially profiled the three men who were sitting in a car on the basis of their

    appearance.

10. They surrounded the vehicle, shouting commands at the occupants.

11. Masked ICE agents came up to the vehicle he was sitting in, and as we see shockingly and repeatedly on the

    news these days, broke the window of the driver's side with a dangerous instrument.

12. The ICE agents endangered and terrified all of the occupants of the car, including a co-worker sitting in the

    driver's seat.

13. They then grabbed and physically assaulted one of his co-workers and threw him out of the car.

14. The ICE agents yelled at the Petitioner to get out of the car, and he got out of the car and was immediately

    accosted, detained, and subsequently arrested.

15. Although there is no video of the actual assault on the other co-worker or of the smashing of the car driver's

    side window that we know of yet, we do have a video and pictures of the vehicle after the assault by the ICE

    officers, with a completely punched-out window.

16. Counsel will preserve that video to present to the Court on the day of the Order to Show Cause hearing.

17. Counsel is requesting that the ICE agents who broke the window be produced before this Court to testify on

    what grounds they committed the crimes of criminal mischief, felony assault, reckless endangerment, and

others against innocent persons who were quietly sitting in a car.

18.  The egregious actions by the officers in this case should be addressed by this Court and investigated by the

US Attorneys Office for the EDNY.

19.  Currently, he is at the Metropolitan Detention Center, Brooklyn, NY, of the US Bureau of Prisons.

20.  The ICE agents did not present a warrant, nor did they have probable cause to arrest him.

21.  Once they arrested him, they did not show him an arrest warrant because none existed.

22.  He was not permitted to make any phone calls, and he did not even know where he was being taken to.

23.  To add insult to injury, DHS's novel policy -overruling decades of established precedent- says he is

not entitled to any hearing whatsoever and could be held in jail for months or years if he decides to

appeal his case.

24.  DHs is now incarcerating him indefinitely without an individualized custody determination

as required by the Fourth Amendment, the Due Process Clause of the Fifth Amendment,

and the governing detention statutes and regulations.

25.  ICE arrested him without 1) a "reason to believe that he was removable" and that 2) he was "likely

to escape before a warrant can be obtained," which are the *minimum* requisites under INA Section

287 (a)( 2), 8 USC 1357 (a)(2) for a warrantless arrest by ICE.

26.  When ICE agents later fingerprinted him and booked him at DHS processing offices, they did not

follow statutorily and constitutionally guaranteed procedures for due process.

27.  That is why Petitioner now comes to this Honorable Court seeking assistance.

28.  Petitioner CANDO DUCHIMAZA respectfully moves, on an emergency basis, for an Order to Show Cause

and Temporary Restraining ordering Respondents

> a)  from transferring the Petitioner out of this district and requiring them to identify his precise
>
>     location immediately;
>
> b)  granting the writ of habeas corpus and order Petitioner's immediate release, or,
>
> c)  to conduct a lawful, contemporaneous custody determination within 24–48 hours
>
>     supported by documentation showing lawful arrest authority and individualized

deliberation,

d) to produce Petitioner forthwith and

e) to produce the DHS administrative file (A-file) and DHS and ICE custody, detention, and administrative records relating to Petitioner within forty-eight (48) hours of this Order, and failure to do so shall result in appropriate relief,

f) order attorney's fees under the Equal Access to Justice Act as a prevailing party,

g) grant such other relief as the Court deems just and proper.

## LEGAL BACKGROUND

### The Emerging New York Habeas Consensus on Widespread Mandatory ICE Detention

29. Between 2025 and 2026, federal courts in the Southern and Eastern Districts of New York developed a consistent and increasingly explicit body of habeas jurisprudence addressing ICE detention premised on categorical § 1225(b)(2) theories, interior arrests of long-present noncitizens, and the absence of contemporaneous individualized custody review. Across decisions, courts have treated these defects not as technical irregularities, but as statutory violations with constitutional consequences requiring immediate judicial intervention.

30. Courts repeatedly granted the writ and ordered release where detention lacked statutory authority or was imposed without the individualized procedural safeguards required by due process.

31. In *Diallo v. Joyce*, No. 25-CV-9909 (AS), slip op. at 1 (S.D.N.Y. Dec. 23, 2025), Judge Subramanian granted habeas relief and ordered release where ICE detained a long-time New York resident without a valid statutory basis and without constitutionally adequate process, emphasizing the illegality of the detention in unequivocal terms: "None of this had to happen. All of it is illegal."

32. Similarly, in *Gonzalez v. Joyce*, No. 25 Civ. 8250 (AT), 2025 WL 2961626, at *2–4 (S.D.N.Y. Oct. 19, 2025), Judge Torres granted the writ and ordered release where courthouse arrests operated as "arbitrary detention" with "no process at all," and where the record reflected no individualized assessment of dangerousness or flight risk. The court treated the absence of individualized process as constitutionally dispositive.

33. Judge Engelmaier reached the same conclusion in *Funes Gamez v. Francis*, No. 25 Civ. 7429 (PAE), slip op. at 43, 48–49 (S.D.N.Y. Nov. 24, 2025), ordering forthwith release after ICE revoked a prior order of supervision

without providing notice or a prompt interview. The court held that failure to comply with mandatory procedural safeguards rendered the petitioner "in custody in violation of the Constitution," grounding relief in the Due Process Clause.

34. These decisions align with a broader SDNY line recognizing that detention imposed without statutory authorization or without contemporaneous process *warrants release*. See, e.g., *Valdez v. Joyce*, No. 25 Civ. 4627 (GBD), 2025 WL 1707737 (S.D.N.Y. June 18, 2025); *Chipantiza-Sisalema v. Francis*, No. 25 Civ. 5528, 2025 WL 1927931 (S.D.N.Y. July 13, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Samb v. Joyce*, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025).

35. The Eastern District has issued parallel rulings. In *Pessantez Castro v. Maldonado*, No. 25-CV-6844 (JMA), slip op. at 2 (E.D.N.Y. Dec. 23, 2025), the court ordered immediate release, specifically noting the absence of contemporaneous service of charging documents and the lack of an individualized custody determination. See also <u>Gopie v. Lyons</u>, No. 25-CV-5229, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025).

36. Across these cases, the unifying principle is clear: detention unsupported by proper statutory authority and unaccompanied by individualized procedural safeguards is unlawful and immediately remediable in habeas.

## II. <u>Rejection of Categorical § 1225(b)(2) Detention for Interior Arrests</u>

37. In September 2025, the Board issued *Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), concluding that certain individuals alleged to be "applicants for admission" were subject to § 1225(b)(2) and outside immigration judges' bond jurisdiction. That decision became central to DHS's categorical detention arguments in subsequent habeas litigation.

38. New York federal courts, however, repeatedly held that long-present noncitizens arrested in the interior are properly detained, if at all, under 8 U.S.C. § 1226(a)—not § 1225(b)(2)—and that due process requires the discretionary, individualized review mechanisms Congress preserved in § 1226(a).

39. The most frequently cited decision articulating this statutory and constitutional framework is *Barco Mercado v. Francis[1]*, 2025 WL 3295903, at *12–14 (S.D.N.Y. 2025), which collected authority and explained why applying

---

[1] See Appendices A & B cited by Judge Kaplan in *Barco Mercado v. Francis*, No. 1:25-cv-06582 (2025 WL (S.D.N.Y. Nov. 26, 2025) of a running tally in November 2025 of granted and denied habeas petitions based on DHS and ICE violations.

a "discretion-free" § 1225 regime to long-present residents conflicts with both the statutory structure and due process. Following *Barco Mercado*, multiple SDNY decisions held that detention "pursuant to the wrong statute" is unlawful because it strips detainees of the procedural protections Congress and the Constitution require. See, e.g., *Yao v. Almodovar*, No. 25-CV-9982 (PAE), 2025 WL 3653433, at *7–8, *11–12 (S.D.N.Y. Dec. 17, 2025); *M.K. v. Arteta*, No. 25-CV-9918 (LAK), 2025 WL 3720779, at *8–9 (S.D.N.Y. Dec. 23, 2025).

40. This body of law reflects a consistent judicial determination: § 1225(b)(2) does not authorize discretion-free detention of long-present individuals arrested in the interior, and when invoked in that posture, detention is unlawful.

### III. The Appropriate Remedy: Bond Hearing or Immediate Release

41. Where courts concluded that § 1226(a) governs, many ordered prompt bond hearings with constitutionally adequate safeguards. See <u>Jimenez Garcia v. Joyce,</u> No. 26 Civ. 429 (AS), 2026 WL 251889 (S.D.N.Y. Jan. 30, 2026).

42. In other cases—particularly where the constitutional defect consisted of the complete absence of individualized process under a categorical "mandatory detention" theory—courts ordered immediate release. See *Huang v. Almodovar,* No. 26-CV-551 (S.D.N.Y. 2026).

43. The Eastern District has likewise required meaningful procedural safeguards at the front end of detention authority. In *Hyppolite v. Noem (*E.D.N.Y. 2025), the court granted habeas and ordered release, and subsequent EDNY rulings have cited Hyppolite in rejecting § 1225(b)(2) detention of long-present individuals without § 1226(a) safeguards.

44. Further, in *Ambroladze v. Maldonado*, No. 26-CV-473 (E.D.N.Y. 2026), the court held that due process may require notice and a pre-deprivation hearing before re-detention under § 1226(a), placing the burden on the Government to justify renewed custody.

### V. Immediate Release - Not a Bond Hearing - Is the Proper Habeas Remedy Here

45. When detention is unauthorized under the governing statute, it is ultra vires. Habeas has historically provided release—not advisory correction—when custody exceeds statutory authority. See *Demore v. Kim,* 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

46. As Chief Justice Roberts wrote in *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the typical

remedy for unlawful executive detention is release:

> Habeas is at its core a remedy for unlawful executive detention. *Hamdi v.*
> *Rumsfeld*, 536 542 U.S. 507, 536 (2004) (plurality opinion). ***The typical remedy***
> ***for such detention is, of course, release.*** See, e.g., *Preiser v. Rodriguez*, 411 U.S.
> 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from
> illegal custody"). *Id* at 693. (bold added).

New York courts have repeatedly recognized that rule.  See *Huang v. Almodovar*, No. 26-CV-551 (S.D.N.Y.

2026); Diallo v. Joyce, No. 25-CV-9909 (AS), slip op. at 1 (S.D.N.Y. Dec. 23, 2025); *Gonzalez v. Joyce*, No. 25

Civ. 8250 (AT), 2025 WL 2961626, at *2–4 (S.D.N.Y. Oct. 19, 2025). See also *Barco Mercado v. Francis*, 2025

WL 3295903, at *12–14 (S.D.N.Y. 2025); *Yao v. Almodovar*, No. 25-CV-9982 (PAE), 2025 WL 3653433, at

*7–8, *11–12 (S.D.N.Y. Dec. 17, 2025); *M.K. v. Arteta*, No. 25-CV-9918 (LAK), 2025 WL 3720779, at *8–9

(S.D.N.Y. Dec. 23, 2025); *Funes Gamez v. Francis*, No. 25 Civ. 7429 (PAE), slip op. at 43, 48–49 (S.D.N.Y.

Nov. 24, 2025); *Hyppolite v. Noem* (E.D.N.Y. 2025); *Pessantez Castro v. Maldonado,* No. 25-CV-6844 (JMA),

slip op. at 2 (E.D.N.Y. Dec. 23, 2025); *Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130 (E.D.N.Y. Nov. 13,

2025); *Ambroladze v. Maldonado*, No. 26-CV-473 (E.D.N.Y. 2026); Henderson v. INS, 157 F.3d 106, 122 (2d

Cir. 1998).

### This Case

47. *This is an emergency habeas case about a basic constitutional and statutory question: can the*

*government detain and arrest ESTUARDO MISAEL CANDO DUCHIMAZA,  after breaking the driver*

*side window of the car, assaulting one of the occupants, forcibly removing him from the vehicle, and*

*immediately extracting evidence of his illegal status, all without probable cause, or presenting a valid*

*arrest warrant? And can they detain him indefinitely without a hearing or complying with statutory or*

*constitutional safeguards?*

48. As in many cases in this district, DHS will undoubtedly produce an afterthought arrest warrant before

this Court and claim it was a valid warrant that Petitioner was arrested on, even though it was created

after he was arrested and was never previously issued or signed off by anyone in the chain of

command at DHs, as is statutorily required - until after the arrest.

49. The law says civil immigration detention is a profound deprivation of liberty, and due process demands meaningful safeguards *at the moment* the government chooses to arrest Petitioner.

50. Courts in this District repeatedly grant habeas relief where ICE detains people without making the individualized assessment that § 1226(a) and the implementing regulations require, and where ICE attempts to justify detention *after the fact rather than through contemporaneous process*. See, e.g., *Lopez Benitez v. Francis,* (granting habeas relief; explaining that due process must constrain the government's wide discretion to detain under § 1226(a)); *Barco Mercado v. Francis*; *Kelly v. Almodovar,* No. 25 Civ. 6448, 2025 WL 2381591 (S.D.N.Y. Aug. 15, 2025) (ordering immediate release where ICE's process was defective and stressing that post-hoc "re-determination" is not a substitute for initial deliberative custody decision); *Valdez v. Joyce,* No. 25 Civ. 4627, 2025 WL 1707737 (S.D.N.Y. June 18, 2025) (granting habeas; ordering immediate release in a re-detention/no-process scenario); *Chipantiza-Sisalema v. Francis; Gonzalez v. Joyce*, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025) (granting relief and ordering immediate release).

51. Petitioner therefore respectfully seeks immediate judicial intervention to prevent transfer, compel disclosure of vital documents, require production of the Petitioner before the Court, and order his immediate release.

### Jurisdiction And Venue

52. This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is in federal custody under the color of United States authority and challenges the legality of that custody as unconstitutional and in violation of statute and regulation.

53. The venue is proper in the EASTERN DISTRICT OF NEW YORK because the Petitioner was seized in New York, was detained, and processed at ICE facilities within this District, and is still currently at the Metropolitan Detention Center Brooklyn, NY. Respondents direct, control, and administer Petitioner's detention and transfer decisions in and from this District.

54. This Court has authority to issue a temporary restraining order and preliminary injunctive relief "as law and justice require," including to prevent transfer that would impair the Court's jurisdiction and ability to order effective habeas relief.

## The Parties

47. Petitioner Estuardo Misael Cando Duchimaza is a resident of Corona, Queens, NY.

55. Respondent Kenneth Genalo is the NY Director of Enforcement & Removal Operations of ICE and is a legal custodian of Petitioner.

56. Respondent Todd Lyons is the Acting Director of ICE and is responsible for ICE detention policies and practices.

57. Respondent Kristi Noem is the Secretary of the Department of Homeland Security and is responsible for DHS policies and enforcement practices affecting detention.

58. Respondent Pamela Bondi is the Attorney General of the United States and is sued in her official capacity in connection with the federal custody at issue.

59. Respondent Raul Maldonado is the Warden of the Metropolitan Detention Center in Brooklyn, NY, where the petitioner is currently detained.

## The Facts

60. **ICE recently carried out an unlawful arrest of the Respondent on a street in the Bronx.**

61. **Petitioner has filed for asylum because he fears persecution in his home country based on his brother's murder in Ecuador, arising from a violent land dispute.**

62. The officers did not present a warrant and did not advise the Petitioner of his immigration rights.

63. ICE officers violently attacked his coworker, dragged him out of the car, arrested Petitioner without notice, without probable cause, without a custody determination, without an evaluation of flight risk or dangerousness, without giving him an opportunity to be heard, all in violation of the INA and of his Fifth Amendment due process rights.

64. Upon information and belief, and as is current standard practice in many arrests by ICE, Petitioner was detained without any meaningful opportunity to request release, and without any contemporaneous individualized custody determination as required by the detention statutes and implementing regulations.

65. Petitioner's warrantless arrest and continued detention are arbitrary and unlawful, effected without due process of law and in violation of the Fourth and Fifth Amendments and the immigration detention statutes and

regulations.

66. **After his arrest, he was served with a Notice to Appear (NTA) and is currently in deportation proceedings, represented by counsel, and has an upcoming removal hearing on February 27, 2026.**

67. Because of the statutory interpretation of recent Board of Immigration Appeals (BIA) decisions, promulgated by this presidential administration, which denies immigration bond to people exactly like the Petitioner, ie., *the Matter of Yajure Hurtado*, the application for a bond hearing in this case is futile and nonsensical.

68. All immigration judges are bound by this BIA decision holding that the Petitioner is not entitled to a bond at the immigration court and they will categorically not hold a bond hearing.

69. Because it is jurisdictionally impossible to obtain a bond through the immigration courts, due to this erroneous interpretation of federal law, as declared in the hundreds of Federal court decisions collected in this brief, the Petitioner is seeking relief from this Court.

**ARGUMENT**

**<u>Petitioner's Warrantless Arrest and Detention Without a Contemporaneous, Individualized
Custody Determination Violates the Fourth Amendment, the Fifth Amendment,
and the Immigration and Nationality Act (INA).</u>**

70. The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of liberty without due process of law. Freedom from physical restraint lies at the very core of the liberty protected by the Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection extends to citizens and noncitizens alike, including individuals in immigration custody, regardless of their manner of entry or procedural posture. *Id.* As the Supreme Court has repeatedly emphasized, an essential principle of due process is that any deprivation of liberty must be preceded by notice and an opportunity to be heard, appropriate to the nature of the case. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Where detention flows from executive action unaccompanied by the ordinary safeguards of the criminal process, habeas courts are required to engage in *the most searching review of the legality of that detention. Boumediene v. Bush,* 553 U.S. 723, 783 (2008).

71. The Supreme Court has repeatedly emphasized that immigration detention, even when authorized by statute, remains subject to the Due Process Clause. In *Zadvydas v. Davis*, the Court held that civil

immigration detention must bear a reasonable relation to its purported purpose and that statutes should not be construed to authorize indefinite detention absent clear congressional intent, precisely because such detention would raise serious constitutional concerns. 533 U.S. 678, 690–701 (2001). The Court reaffirmed that principle in *Demore v. Kim*, explaining that even mandatory detention provisions are constitutionally permissible only when they are limited in duration and accompanied by sufficient procedural safeguards. 538 U.S. 510, 528–31 (2003). Most recently, in *Jennings v. Rodriguez,* while rejecting a statutory bond-hearing requirement as a matter of interpretation, the Court made explicit that constitutional challenges to detention under § 1225(b) remain fully cognizable in habeas and must be addressed on their merits. 583 U.S. 131, 147–49 (2018).

72. Whether the government purports to detain Petitioner under INA § 1225(b) or § 1226, the constitutional inquiry remains the same. The government may not impose civil detention without a legitimate governmental purpose and without procedures sufficient to mitigate the grave risk of erroneous deprivation of liberty. *Zadvydas,* 533 U.S. at 690–91. Detention that is automatic, categorical, or justified solely by immigration status or manner of entry, without any individualized assessment or opportunity to be heard, offends due process. *Id*. Courts in this Circuit have consistently rejected the notion that Congress's plenary power over immigration permits detention without meaningful process, even where the statute uses mandatory language. *Wang v. Ashcroft*, 320 F.3d 130, 139–40 (2d Cir. 2003).

73. The government will likely assert that Petitioner's detention arises under the Immigration and Nationality Act, specifically 8 U.S.C. § 1225. Section 1225(a) defines who is deemed an "applicant for admission," a legal classification that attaches at the moment an individual is encountered by immigration officials and is alleged to be seeking entry into the United States. Section 1225(b) then prescribes certain procedures that follow an inspection determination, including detention during expedited removal proceedings under § 1225(b)(1) or pending completion of full removal proceedings under § 1225(b)(2). On its face, however, § 1225 is an inspection and processing statute. It governs how admissibility determinations are made; it

11

does not operate as a freestanding grant of unreviewable detention authority divorced from

constitutional limits.

74. Historically, § 1225 was enacted to regulate the inspection function *at the border* or its

functional equivalent. Detention under the immigration laws was understood as ancillary to

removal proceedings and subject to parole, discretion, and judicial review. The modern practice

of treating § 1225(b) as an automatic and self-executing detention mandate represents a sharp

departure from that historical understanding. As the Supreme Court recognized in *Shaughnessy*

*v. United States ex rel. Mezei*, even in the context of exclusion, detention authority has never

been absolute and has always been subject to constitutional scrutiny where confinement

becomes prolonged or arbitrary. 345 U.S. 206, 212–16 (1953).

75. Federal courts in this Circuit have consistently rejected the government's attempt to treat §

1225(b) as a categorical detention license. The Second Circuit has made clear that "[f]reedom

from imprisonment—from government custody, detention, or other forms of physical

restraint—lies at the heart of the liberty that the Due Process Clause protects." *Velasco Lopez v.*

*Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (quoting Zadvydas). In *Velasco Lopez*, the court

emphasized that civil detention without a meaningful opportunity to obtain release violates due

process and that the government bears the burden of justifying continued confinement. Id. at

852–54. Although *Velasco Lopez* arose under § 1226, its constitutional reasoning applies with

equal force to detention under § 1225, because "the constitutional problem is the same:

prolonged detention without adequate procedural protections." Id. at 854.

76. In other words, DHS cannot collapse the INA's two detention tracks to transform an interior apprehension

into a border-inspection detention regime. Judge Torres applied that same rule in *Gonzalez v. Joyce*, holding

that the Petitioner was "not subject to mandatory detention as a noncitizen 'seeking admission' … under 8

U.S.C. § 1225, but rather may be subject to detention only on a discretionary basis under § 1226," expressly

relying on *Samb v. Joyce,* 2025 WL 2398831, at 3 (S.D.N.Y. Aug. 19, 2025).

77. New York federal courts have applied these principles specifically in the § 1225 context, recognizing

that the statute does not eliminate the requirement of a contemporaneous, individualized custody determination. In *Lopez-Benitez v. Francis*, Judge Ho held that detention violated due process where the government could not explain when, how, or by whom the decision to detain was made, and where no individualized assessment preceded the deprivation of liberty. *Ibid*. The court emphasized that pointing to later administrative proceedings could not cure the initial constitutional defect, because "due process requires notice and an opportunity to be heard at a meaningful time." *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

78. Likewise, in *Barco Mercado v. Frances*, Judge Kaplan granted habeas relief where ICE detained the Petitioner first and only later attempted to justify that detention through the administrative process. The court found it dispositive that ICE "did not conduct a custody determination until *after* arresting Petitioner," holding that post-hoc rationalizations could not substitute for constitutionally required procedures. *Ibid.* The court ordered release, not remand to the immigration court, recognizing that the constitutional violation was ongoing and could not be remedied by further delay. *Id*. at 8.

79. Other New York federal court decisions have echoed this reasoning, holding that detention under § 1225(b) without meaningful procedural protections creates an unacceptably high risk of an erroneous deprivation of liberty. In *Gonzalez v. Joyce*, the court explained that where procedural protections are "almost nonexistent," the *Mathews* balancing *test* weighs decisively in favor of immediate judicial intervention. *Ibid* . The court emphasized that exhaustion is not required where the injury is constitutional and cannot be adequately addressed by an immigration judge or the Board of Immigration Appeals.

80. In practice, then, the real source of the government's asserted detention power is not § 1225(a) or § 1225(b) as written, but an administrative assumption that classification as an applicant for admission automatically justifies incarceration. That assumption finds no support in the statutory text, in historical practice, or in binding constitutional precedent. Section 1225(b) presupposes a lawful seizure and a valid custody determination; it does not dispense with them.

Where detention is imposed without notice, without an opportunity to be heard, and without an individualized assessment of necessity, the government is not exercising authority granted by Congress but acting ultra vires and in violation of due process.

81. Accordingly, while the government may invoke § 1225(b) as the nominal basis for Petitioner's detention, this Court must look to the substance of what occurred. Where, as here, the deprivation of liberty was imposed without constitutionally sufficient process and continues to this day, habeas relief lies in release. Ordering further administrative proceedings would merely prolong an unlawful confinement and fail to cure the constitutional injury. As courts in this District have repeatedly recognized, "[r]elease—not remand—is the appropriate remedy for unconstitutional immigration detention." *Barco Mercado*; see also *Velasco Lopez,* 978 F.3d at 855.

### A. The Fifth Amendment Forbids Arbitrary Civil Detention; § 1226(A) Requires ICE To Make An Individualized Custody Decision *Before Or At* The Moment Liberty Is Taken.

82. The liberty interest in being free from government custody lies at the heart of due process. Where the government has discretion to detain or release under § 1226(a), due process demands safeguards that ensure discretion is actually exercised and not replaced by automatic detention.

83. *In Lopez Benitez v. Francis*, Judge Ho explained that § 1226(a)'s breadth triggers due process constraints precisely because the government has wide discretion to decide who to detain. *Ibid.* In *Kelly v. Almodovar*, Judge Torres emphasized that an immigration-judge bond proceeding is a custody "re-determination" and is not a substitute for ICE's obligation to make the initial custody decision through a deliberative process prior to or contemporaneous with the loss of liberty. *Ibid.* Judge Bulsara's decision in the EDNY *Gopie v. Lyons* applies this principle. *Gopie* grants habeas relief where ICE failed to make a valid initial custody determination and tried to rely on a post-hoc process. *Gopie* holds that due process required ICE to make a custody determination at or before arrest and that the government's after-the-fact approach does not satisfy the statutory and constitutional requirements that constrain discretionary detention. There, the court granted the writ where ICE failed to make a lawful initial custody determination contemporaneous with arrest and attempted to justify detention after the

14

fact. *Ibid*

**B.**        **The Fourth Amendment Applies to Interior Civil Immigration Arrests.**
             **Warrantless Arrest Authority Is Narrow and Statutorily Constrained**

84. Civil immigration enforcement does not occur in a constitutional vacuum. Inside the United

    States, the Fourth Amendment governs seizures, and warrantless arrests must fall within narrow

    exceptions.

85.  Congress likewise limited ICE's warrantless arrest authority in 8 U.S.C. § 1357(a)(2), which

     requires statutory prerequisites before an officer may arrest without a warrant.

86. ICE arrested him without **1) a "reason to believe that he was removable" and that 2) he was**

    **"likely to escape before a warrant can be obtained,"** which are the minimum requisites under

    INA Section 287 (a)( 2), 8 USC 1357 (a)(2) for a warrantless arrest by ICE.

87. When ICE cannot prove those prerequisites, the seizure is invalid. Here, ICE officers did not

    present any warrant and did not articulate any lawful basis for arresting Petitioner. That is the

    hallmark of an unreasonable seizure, and it cannot serve as the foundation for lawful civil

    detention.

## CLAIMS FOR RELIEF

### CLAIM ONE

**Petitioner's Detention Is Unlawful Because It Is The Direct**
**Product Of An Egregious and Violent Fourth Amendment Violation**

88. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. A

    seizure occurs when officers apply physical force or otherwise restrain liberty through a show of

    authority. *Torres v. Madrid*, 592 U.S. 306, 312–13 (2021). Smashing a vehicle window, forcibly

    extracting occupants, and physically assaulting one of them constitutes a seizure of the most intrusive

    kind.

89. The Government bears the burden of demonstrating that a warrantless seizure was supported by

    probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Absent probable cause, an arrest violates the

    Fourth Amendment. *Dunaway v. New York*, 442 U.S. 200, 213–16 (1979). The reasonableness of force

15

used in effecting that seizure is evaluated under an objective standard. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989).

90. Here, ICE agents possessed no judicial warrant and no administrative warrant on Form I-200. They articulated no probable cause that Petitioner had committed a crime. Petitioner was merely a passenger in a vehicle. There was no flight, no resistance prior to the violent escalation, and no exigent circumstance. The forcible destruction of property and physical assault were therefore constitutionally unreasonable.

91. Although removal proceedings are civil in nature, the Supreme Court recognized that egregious Fourth Amendment violations require suppression in immigration proceedings. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050–51 (1984). The Second Circuit has elaborated that suppression is warranted where the violation is "egregious" or fundamentally unfair. *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235–37 (2d Cir. 2006). Conduct is egregious where it involves physical abuse, coercion, or a deliberate disregard for constitutional rights. *Id.* at 235.

92. The facts alleged here *surpass* the threshold described in *Almeida-Amaral*. Federal agents shattered a vehicle window, forcibly removed occupants, and assaulted the driver without warrant or probable cause. This is not a technical deficiency; it is a violent, coercive seizure. The Second Circuit has ordered suppression where constitutional violations were accompanied by physical force or coercion. *Cotzojay v. Holder*, 725 F.3d 172, 182–84 (2d Cir. 2013). In *Pretzantzin v. Holder*, the court rejected the Government's attempt to salvage removal proceedings by relying on evidence derived from unconstitutional conduct. 736 F.3d 641, 648–51 (2d Cir. 2013).

93. The same principle applies here. The sole evidence of alienage and removability derives from statements elicited after the unconstitutional seizure. There was no prior A-file, no independent record of immigration history, and no preexisting database confirmation. The Government created an A-file only after coercing statements post-arrest. Under Second Circuit precedent, such derivative evidence cannot be insulated from suppression where the underlying violation is egregious. *Pretzantzin*, 736 F.3d at 649–50.

94. Detention premised exclusively on evidence obtained through an egregious constitutional violation cannot stand.

### The Arrest Exceeded Statutory Authority And Is Ultra Vires

95. Even apart from the Fourth Amendment, ICE agents are constrained by statute. Section 287(a)(2) of the Immigration and Nationality Act authorizes warrantless arrest only where an officer has reason to believe the individual is removable and is likely to escape before a warrant can be obtained. 8 U.S.C. § 1357(a)(2). The regulation implementing that authority requires probable cause. 8 C.F.R. § 287.8(c)(2)(i).

96. **There is no allegation here that Petitioner was fleeing, likely to escape, or otherwise evading law enforcement. Petitioner was seated in a vehicle when agents escalated immediately to property destruction and physical force. Such conduct falls outside the limited statutory authorization for warrantless civil immigration arrest.**

97. An agency may not act beyond the bounds of authority granted by Congress. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–68 (1954). Where an arrest exceeds statutory limits, detention flowing from that arrest is unlawful. Habeas corpus lies to remedy detention imposed without statutory authority. See *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (civil immigration detention must be authorized by statute and consistent with due process).

98. Because ICE acted without satisfying § 1357(a)(2), Petitioner's arrest was ultra vires. Detention founded upon that unlawful arrest is not authorized by the INA and therefore violates § 2241(c)(3).

### Continued Detention Based Solely On Coerced Statements Violates Due Process

99. The Fifth Amendment prohibits the Government from compelling statements and using them to justify deprivation of liberty. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *Brown v. Mississippi*, 297 U.S. 278, 286 (1936). While removal proceedings are civil, the Due Process Clause applies fully to immigration detention. *Zadvydas*, 533 U.S. at 690.

100. Here, the Government's evidence of alienage and removability derives entirely from statements extracted after a violent seizure. There was no preexisting file. There was no independent

documentation. The A-file itself was generated post-arrest. Detention grounded solely on compelled admissions violates due process.

101. The Supreme Court has made clear that even in civil contexts, detention must bear a reasonable relation to its purpose and must be lawful. *Id.* at 690–92. Confinement premised exclusively on unconstitutional conduct cannot satisfy that requirement.

**Lopez-Mendoza Does Not Foreclose Habeas Relief**

102. The Government will likely argue that *Lopez-Mendoza* held that an illegal arrest does not invalidate removal proceedings. That argument misstates both the holding and its scope.

103. First, *Lopez-Mendoza* expressly recognized that egregious violations warrant suppression. 468 U.S. at 1050–51. The Second Circuit has repeatedly applied that exception. *Almeida-Amaral*, 461 F.3d at 235; *Cotzojay*, 725 F.3d at 182.

104. Second, *Lopez-Mendoza* addressed the admissibility of evidence in removal proceedings. It did not address the lawfulness of civil detention under § 2241. Habeas courts examine whether custody violates the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Where detention rests entirely on evidence obtained through egregious constitutional violations, custody itself is unlawful.

105. Third, the Government's oft-invoked statement that "identity is never suppressible" does not apply where the only evidence of identity or alienage was derived from unconstitutional conduct. The Second Circuit has rejected categorical immunity for derivative identity evidence in egregious cases. *Pretzantzin*, 736 F.3d at 648–50.

106. This case does not involve independent records or preexisting government files. The Government cannot rely on "identity" as an abstract concept divorced from the means by which it was obtained.

**Matter Of Yajure Hurtado Cannot Authorize Unconstitutional Detention**

107. The Government may rely on *Matter of Yajure Hurtado* (B.I.A. 2025) for the proposition that certain recent entrants are not entitled to bond hearings under 8 U.S.C. § 1225(b). Even assuming that interpretation applies, no agency precedent can authorize detention that violates the Constitution.

108. Administrative construction cannot override constitutional limitations. *Marbury v. Madison*, 5 U.S. (1

Cranch) 137, 177 (1803). Where detention originates in an unlawful seizure and is supported solely by coerced statements, the statutory detention framework cannot independently sustain custody.

109. The question before this Court is not whether Petitioner qualifies for bond under agency precedent. The question is whether the Government may incarcerate a person based exclusively on evidence derived from a violent, warrantless, and ultra vires arrest. The Constitution answers that question in the negative.

### Unlawful Warrantless Seizure And Arrest In Violation Of The Fourth Amendment And 8 U.S.C. § 1357(A)(2)

110. As demonstrated above, the Fourth Amendment applies to civil immigration arrests in the interior of the United States. Warrantless civil immigration arrests are strictly limited, including by 8 U.S.C. § 1357(a)(2), which permits warrantless arrest only when statutory prerequisites are satisfied, including probable cause and the likelihood of escape.

111. Here, ICE arrested Petitioner, presented no warrant, articulated no probable cause, and provided no lawful basis for seizure. Petitioner's arrest was therefore unreasonable under the Fourth Amendment and ultra vires as a matter of statutory authority.

112. Because Petitioner's initial seizure was unlawful, his resulting custody is unlawful, and habeas relief is warranted to end an ongoing, unconstitutional deprivation of liberty.

### Habeas Relief Is The Appropriate Remedy

113. Habeas corpus provides a remedy where detention violates federal law or the Constitution. 28 U.S.C. § 2241(c)(3). Where custody rests on an egregious Fourth Amendment violation, exceeds statutory arrest authority, and depends solely on coerced statements, continued detention is unlawful.

114. At minimum, the Government must demonstrate an independent, untainted basis for custody. If it cannot do so, immediate release is required.

### CLAIM TWO

### Detention Without A Contemporaneous, Individualized Custody Determination Violates The Due Process Clause Of The Fifth Amendment And 8 U.S.C. § 1226(A) And Implementing Regulations

19

115.    Section 1226(a) authorizes discretionary detention or release pending removal decisions.

Because the government possesses broad discretion to decide whether to detain, due process

requires procedures that constrain arbitrary detention and ensure that discretion is actually

exercised through an individualized assessment. See *Lopez Benitez v. Francis*, (explaining that due

process must account for the government's wide discretion to arrest and detain under §1226(a)). *Id.*

116.    The governing regulatory scheme requires a prompt custody determination following arrest.

ICE must decide—based on individualized facts—whether detention is necessary and whether

release conditions can reasonably assure appearance and safety.

117.    Respondents cannot lawfully recharacterize Petitioner's interior as mandatory detention under 8

U.S.C. § 1225(b)(2)(A). Section 1225(b)(2)(A) governs mandatory detention of certain noncitizens

"seeking admission"—i.e., the statutory framework for inspection and admission—

whereas § 1226(a) governs discretionary detention of noncitizens already present in the United

States pending removal proceedings.

118. In *Lopez Benitez v. Francis*, Judge Ho explained that § 1225(b)(2)(A) "requires

mandatory detention of certain noncitizens' seeking admission' to the country," while §

1226(a) supplies" discretionary authority to detain other noncitizens who are 'already

in the country.'" *Id* at 4.

## CLAIM THREE

### Exhaustion Is Not Required—and Is Constitutionally Unavailable—Where DHS Invokes Matter of Yajure Hurtado and 8 U.S.C. § 1225(b) to Foreclose Any Bond Authority; In Such Cases, Immediate Release Is the Only Meaningful Habeas Remedy

119.    Petitioner has never previously been apprehended by ICE, has no criminal history, and has lived

peacefully in the United States since arriving on September 29, 2023. DHS nevertheless has classified him as

subject to mandatory detention under 8 U.S.C. § 1225(b)(2) based solely on the manner of his entry,

notwithstanding the absence of any prior immigration enforcement history and the issuance of a Notice to

Appear placing him in standard § 1229a proceedings.

120.    In materially indistinguishable circumstances, the Southern District of New York has repeatedly rejected DHS's attempt to invoke § 1225(b) to justify prolonged detention of long-present noncitizens and has held that such detention is unlawful and unconstitutional from its inception. In *Rodriguez-Acurio v. Almodovar*, the court held that DHS's use of § 1225(b)(2) to detain a noncitizen who had been living in the United States for years was contrary to the statutory scheme and incompatible with due process, emphasizing that § 1225(b) is a limited screening provision that cannot be transformed into a sweeping mandatory detention authority for individuals already inside the country and placed into removal proceedings. No. 25-CV-6065 (NJC), 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025).

121.    The court further explained that where ICE detains under the wrong statute and fails to provide the individualized custody determination required by § 1226(a), the detention is unlawful from the moment it begins and violates due process. Crucially for habeas relief, EDNY courts have made clear that a belated bond hearing is not a meaningful remedy for detention that was unlawful from inception.

122.    In *Rodriguez-Acurio*, the court rejected the government's request for a remand for a bond hearing, holding that such relief would not cure the completed constitutional violation and would be futile in light of the BIA's 2025 decision in *Matter of Yajure-Hurtado*, which the government itself invokes to argue that Immigration Judges lack authority to grant bond to individuals detained under § 1225(b). Because Yajure-Hurtado is binding on Immigration Judges, ordering a bond hearing would offer only illusory relief while leaving the unconstitutional detention intact. Id.

123.    The same reasoning applies here. DHS simultaneously asserts that Petitioner is mandatorily detained under § 1225(b) and that Immigration Judges lack bond authority under Yajure-Hurtado. Under EDNY precedent, a federal court need not—and should not—order a futile administrative proceeding that the government contends is unavailable as a matter of law. Where the government's own legal position forecloses bond, habeas relief must be effective, not symbolic.

124.    Other 2025 EDNY decisions confirm that immediate release is the proper remedy in these circumstances. In *Artiga v. Genalo*, the court granted habeas relief and ordered release after concluding that DHS's reliance on § 1225(b) to detain a long-present noncitizen was unlawful and that post-hoc

21

administrative process could not remedy the deprivation of liberty already inflicted. No. 25-CV-5208

(OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025).

125.     Likewise, in this district in *Hyppolite v. Noem*, the court recently held that detention without the

contemporaneous, individualized custody determination required by § 1226(a) violates due process and

warrants release, not remand for further agency proceedings. No. 25-CV-4304 (NRM), 2025 WL 2829511

(E.D.N.Y. Oct. 6, 2025).  This case fits squarely within that line of authority.

126.     **Petitioner's lack of any criminal history, lack of prior ICE contact, and placement into ordinary**

**removal proceedings underscore that DHS's invocation of § 1225(b) is both statutorily improper and**

**constitutionally infirm**.

127.     Because Petitioner's detention was unlawful from the outset and because a bond hearing would be futile

under the government's own interpretation of *Yajure-Hurtado,* the only meaningful habeas remedy is

immediate release under proper conditions. Even where exhaustion of administrative remedies may

sometimes be treated as a prudential consideration rather than a jurisdictional bar, it is not proper in this

case.

128.     Petitioner does not merely challenge a discretionary custody determination or seek review of an

immigration judge's weighing of bond factors; rather, Petitioner challenges the legality of the seizure and

detention itself and the government's statutory and constitutional authority to confine him at all.

129.     Where a petitioner raises such a challenge, exhaustion is routinely excused because administrative

remedies are inadequate to prevent irreparable harm. See *McCarthy v. Madigan*, 503 U.S. 140, 146–49

(1992); *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995). That principle applies with force where, as here, ICE

has refused to provide contemporaneous custody documentation explaining when, why, or under what

statutory authority the decision to detain was made, rendering any administrative route incapable of curing

the unlawful deprivation of liberty.

130.     Requiring exhaustion under these circumstances would only prolong unconstitutional confinement and

heighten the risk of transfer to a distant facility, thereby defeating this Court's jurisdiction and severely

impairing access to counsel. See *Jennings v. Rodriguez*, 583 U.S. 281, 296–97 (2018).

131.    Where DHS takes the position that detention arises under § 1225(b), immigration judges are stripped of

bond jurisdiction as a matter of law, and any requirement that a detainee exhaust administrative remedies

becomes not merely futile but constitutionally incoherent.

132.    Where DHS invokes *Yajure Hurtado* and § 1225(b) to argue that an immigration judge lacks bond

jurisdiction, exhaustion of administrative remedies is excused because no administrative remedy exists. In

that posture, an order directing a bond hearing is not meaningful relief, because the agency asserts that the

hearing cannot lawfully occur. Habeas relief must be effective rather than illusory, and federal courts may

not discharge their constitutional duty by issuing orders that the government's own legal theory renders

impossible to implement. See *Barco Mercado v. Frances.*

133.    Many judges in this district have therefore held that exhaustion is futile, unnecessary, and

constitutionally unavailable where detainees challenge detention that is ultra vires, mandatory only by

agency fiat, and categorically insulated from immigration-court review. In such cases, the only remedy that

meaningfully vindicates the Suspension Clause and the Due Process Clause is immediate release from

custody. See *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Gonzalez v. Joyce,* 2025 WL S.D.N.Y. 2025).

134.    Petitioner seeks relief from this Court because any months-long appeal to the Board of Immigration

Appeals would be futile. A request for a bond hearing is likewise futile. The agency's position is clear: both

immigration judges and the Board are bound by *Yajure-Hurtado*, and the policy underlying that position was

issued in coordination with the Department of Justice, which exercises supervisory authority over the

immigration courts and the BIA, including the power of the Attorney General to modify or overrule Board

decisions. See 8 C.F.R. § 1003.1(h). It is therefore unsurprising that the Board has held that individuals like

Petitioner are subject to mandatory detention under § 1225(b)(2)(A), rather than bond-eligible detention

under § 1226(a), and that in identical habeas proceedings nationwide, EOIR and the Attorney General have

consistently reaffirmed that position through briefing and oral argument.

135.    Finally, exhaustion is independently excused because neither immigration judges nor the BIA possess

authority to adjudicate constitutional claims. See *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006);

*Singh v. U.S. Dep't of Homeland Sec.,* 526 F.3d 72, 81 (2d Cir. 2008). Here, Petitioner asserts not only that

23

Respondents are unlawfully detaining him without bond under an inapplicable statute, but also that such detention violates the Due Process Clause itself. If Respondents intended to lawfully detain Petitioner, they were required to do so pursuant to 8 U.S.C. § 1226(a) and its attendant regulations, which mandate notice, a custody determination, and an opportunity for release on bond. See 8 C.F.R. §§ 236.1(c), (d). Having failed to comply with those requirements, Respondents may not now invoke exhaustion doctrine to shield an unlawful detention from judicial review.

## CLAIM FOUR

### Failure To Follow Mandatory Detention Regulations And Procedures Renders Custody Unlawful Under *Accardi*

136.    Under *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), when an agency fails to follow its own binding regulations intended to protect individual rights, its action is unlawful.

137.    The immigration detention scheme contains mandatory procedural protections for arrest processing and custody determinations. Where ICE fails to comply with those procedures—especially in the immediate aftermath of a warrantless arrest—continued detention is unlawful and habeas relief is warranted.

138.    New York federal judges have repeatedly granted habeas relief and ordered immediate release when DHS/ICE's process is defective, and the government cannot show lawful custody authority and meaningful process. See, e.g., *Chipantiza-Sisalema v. Francis* (ordering immediate release); *Valdez v. Joyce, 2025*. W (ordering immediate release).

## CLAIM FIVE

### Request for Order Directing Expedited Production of DHS Custody and Administrative Records

139.    Petitioner respectfully requests that the Court order Respondents to produce, on an expedited basis, the DHS and ICE custody, detention, and administrative records that form the legal and factual basis for Petitioner's arrest and continued detention. Production of these materials is necessary for Petitioner to prosecute his request for release from unlawful detention and for the Court to conduct meaningful habeas review under 28 U.S.C. § 2241.

140.    Petitioner challenges the legality of his seizure and detention, including the statutory authority asserted

by DHS, the existence and validity of any custody determinations, and the denial of any bond or release authority. The documents reflecting those determinations are exclusively within the possession and control of the government. Absent their production, Petitioner is forced to litigate without access to the factual and legal predicates for his confinement, frustrating due process and undermining habeas corpus's core function as a safeguard against unlawful restraint.

141. Petitioner therefore seeks an order directing Respondents to produce all DHS and ICE records relating to arrest and initial custody authority, including *Form I-200* (Warrant for Arrest of Alien), Form I-205 (Warrant of Removal/Deportation), *Form I-213* (Record of Deportable/Inadmissible Alien), Form I-265 (Notice to Detain, Remove, or Present Alien), and *Form I-203* (Order to Detain or Release Alien). Petitioner further seeks production of any expedited removal or reinstatement materials, including Form I-860 (Notice and Order of Expedited Removal), *Form I-871* (Notice of Intent or Decision to Reinstate Prior Order), Form *I-296* (Notice to Alien Ordered Removed / Departure Verification), and the underlying prior removal order with proof of service and execution.

142. Petitioner also seeks production of all custody determinations and redeterminations, including all versions of Form *I-286* (Notice of Custody Determination), together with any ICE or ERO custody review worksheets, memoranda, or notes, whether maintained in paper or electronic form, and all records reflecting the statutory detention authority asserted by DHS, including whether detention is claimed under 8 U.S.C. § 1225(b), § 1226(a), § 1226(c), or § 1231. Because DHS routinely relies on internal risk assessments and legal guidance to deny release, Petitioner further seeks production of the Risk Classification Assessment and any records reflecting denial of bond or release authority, including reliance on *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025), or other DHS guidance.

143. Petitioner additionally seeks records concerning detention location and transfers, including ICE transfer orders, movement or transport logs, detention facility intake records, and inter-facility transfer documentation. Where applicable, Petitioner also seeks all credible fear or reasonable fear interview records and any records reflecting referral to, or denial of, fear screening. Finally, Petitioner seeks production of the complete administrative immigration file, including the A-File in paper and electronic

25

form, all DHS and ICE database entries relating to Petitioner, and any policy memoranda relied upon in making the custody determinations at issue.

144. Courts in the Southern and Eastern Districts of New York have repeatedly recognized that where a habeas Petitioner challenges the legality of immigration detention itself, production of DHS custody determinations and the administrative record is essential to meaningful judicial review. See, e.g., *Barco Mercado v. Francis,* Gopie *v. Lyons***,** *Gonzalez v. Joyce*, *Ibid.*

145. Petitioner respectfully requests that the Court order Respondents to produce these materials within thirty to seventy-two hours, as the Court deems appropriate given the ongoing deprivation of liberty. Petitioner further requests that the Court make clear that failure to timely produce the ordered records will result in appropriate consequences, including adverse inferences and, where the government cannot substantiate a lawful basis for detention, Petitioner's immediate release.

## CLAIM SIX

### Request For Attorneys Fees Under The Equal Access To Justice Act

146. Petitioner respectfully requests that this Court expressly preserve Petitioner's right to seek an award of reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, should Petitioner prevail in this habeas corpus proceeding or obtain the relief requested herein through this Temporary Restraining Order or subsequent order of the Court. EAJA provides that a prevailing party in a civil action against the United States is entitled to an award of attorneys' fees and costs unless the government's position was substantially justified or special circumstances would make an award unjust. See 28 U.S.C. § 2412(d)(1)(A). Immigration habeas corpus proceedings constitute "civil actions" within the meaning of EAJA, and federal courts in this District have recognized that noncitizens who obtain relief from unlawful detention—including release, termination of custody, or injunctive relief—qualify as prevailing parties for purposes of EAJA where the government's conduct is not substantially justified.

147. Here, Petitioner has been subjected to an unlawful seizure and detention without statutory authority and in violation of the Due Process Clause of the Fifth Amendment. The government's actions

necessitated the immediate filing of this emergency habeas petition and application for a Temporary

Restraining Order to prevent irreparable harm, including continued unlawful detention and the risk of

transfer beyond this Court's jurisdiction. Under these circumstances, the government's position lacks

substantial justification, and Petitioner should not bear the financial burden of vindicating

fundamental constitutional rights.

148. Accordingly, Petitioner respectfully requests that this Court's Temporary Restraining Order

expressly provide that nothing in the Court's order shall be construed to waive or limit Petitioner's

right to seek attorneys' fees and costs under EAJA, and that Petitioner may move for such fees upon

prevailing in this action or obtaining the relief sought, including release from custody or other

injunctive relief ordered by the Court.

## **REQUEST FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court issue an order to show cause and
temporary restraining order prohibiting respondents

a) from transferring Petitioner out of this district and requiring respondents to identify Petitioner's
   precise location immediately;

b) grant the writ of habeas corpus and order Petitioner's immediate release, or,

c) order Respondents to produce Petitioner forthwith and

d) order to produce all DHS and ICE custody, detention, and administrative records
   relating to Petitioner within forty-eight (48) hours of this Order, and failure to do so
   shall result in appropriate relief,

e) order attorney's fees under the Equal Access to Justice Act as a prevailing party,

f) grant such other relief as the Court deems just and proper.

Respectfully submitted,

*s/ S. Michael Musa-Obregon*

S. Michael Musa-Obregon, Esq.
MUSA-OBREGON LAW P.C.
Musa-Obregon Law PC
140 Grand Street, Suite 307
White Plains, NY 10601
michael@musa-obregon.com
718-803-1000
 February 14, 2026  New York, NY                                        27

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ESTUARDO MISAEL CANDO DUCHIMAZA

      *Petitioner*

KENNETH GENALO, NYC Director,
    Enforcement & Removal Operations,
    U.S. Immigration and Customs Enforcement;

KENNETH GENALO, Acting Director, U.S.
    Immigration and Customs Enforcement;

KRISTI NOEM, Secretary of the U.S.
    Department of Homeland Security; and

PAMELA BONDI, Attorney General of the United States,

RAUL MALDONADO, Warden, Metropolitan Detention
    Center, Brooklyn, NY US Bureau of Prisons

      *Respondents*
_____

**EMERGENCY MOTION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

## EMERGENCY MOTION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Petitioner ESTUARDO MISAEL CANDO DUCHIMAZA respectfully moves, on an emergency basis, for an

Order to Show Cause and Temporary Restraining Order:

    h)  from transferring Petitioner out of this district and requiring respondents to identify Petitioner's

        precise location immediately;

    i)  grant the writ of habeas corpus and order Petitioner's immediate release, or,

    j)  order Respondents to conduct a lawful, contemporaneous custody determination within 24–48

        hours supported by documentation showing lawful arrest authority and individualized

        deliberation,

    k)  order Respondents to produce Petitioner forthwith and

    l)  to produce the DHS administrative file (A-file) and all arrest/custody and transfer records

        immediately;

28

m)  order to produce all DHS and ICE custody, detention, and administrative records relating to Petitioner within forty-eight (48) hours of this Order, and failure to do so shall result in appropriate relief,

n)  order attorney's fees under the Equal Access to Justice Act as a prevailing party,

o)  grant such other relief as the Court deems just and proper.


## STANDARD FOR EMERGENCY RELIEF

A temporary restraining order and preliminary injunction are warranted where Petitioner shows likelihood of success on the merits, irreparable harm, a balance of equities in his favor, and that relief serves the public interest.

## IRREPARABLE HARM

Petitioner suffers irreparable harm each day he remains confined without lawful authority and without the constitutionally required process. The Second Circuit recognizes that the loss of liberty constitutes irreparable injury as a matter of law. Petitioner also faces the immediate risk of transfer which would frustrate counsel's access and impair the Court's ability to grant effective habeas relief.

## LIKELIHOOD OF SUCCESS

Petitioner is likely to succeed because the record currently reflects a warrantless arrest with no articulated basis and continued detention without any contemporaneous individualized custody determination. New York federal judges have repeatedly granted habeas relief and ordered immediate release when ICE's detention process is defective, and the Government cannot show lawful individualized decision-making. See *Lopez Benitez v. Francis*, No. 25-Civ-5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025) (granting habeas petition and ordering release). *Tumba Huamani v. Francis*, No. 25-cv-8110 (LJL), 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025). *Huang v. Almodovar*, No. 25-Civ-9346 (DEH), 2025 WL 3295912 (S.D.N.Y. Nov. 26, 2025). *Chipantiza-Sisalema v. Francis* (1:25-cv-05528) (S.D.N.Y. 2025) WL 1927931

## BALANCE OF EQUITIES AND THE PUBLIC INTEREST

The equities overwhelmingly favor preventing unconstitutional detention. The public interest is not served by detaining individuals without lawful process and statutory compliance, and it is served by enforcing constitutional and statutory limits on civil immigration enforcement.

29

CONCLUSION

For the foregoing reasons, the Court should grant the emergency Order to Show Cause and a Temporary Restraining Order. and grant the writ, including ordering immediate release or, at a minimum, compelling a lawful custody determination within 24–48 hours supported by documentary proof and ordering release.

Respectfully submitted,

Respectfully submitted,

_s / S. Michael Musa - Obregon_

S. Michael Musa-Obregon, Esq.
MUSA-OBREGON LAW P.C.
Musa-Obregon Law PC
140 Grand Street, Suite 307
White Plains, NY 10601
 michael@musa-obregon.com
 718-803-1000
 February 14, 2026  New York, NY

VERIFICATION BY SOMEONE ACTING ON THE PETITIONER'S
BEHALF PURSUANT TO 28 U.S.C.§ 2242

I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I have received this information from staff members at law firms, the office file, investigations of counsel, and from the Petitioner, who has granted his lawyers permission to discuss the events described in this Petition with his family. On the basis of this understanding, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

| Dated:  February 14, 2026 | BY: |
| | *S. Michael Musa-Obregon* |
| | <u>S. Michael Musa-Obregon</u> |

31

<u>Certificate Of Service</u>

I certify that on February 14, 2026, I caused the foregoing Petition, Emergency Motion,

and Order to Show Cause to be served by electronic mail and/or overnight service on

the United States Attorney's Office for the EASTERN DISTRICT OF NEW YORK ,

Civil Division, and by electronic mail and/or overnight service on counsel for

Respondents, and I further caused service on Respondents in their official capacities

via the U.S. Attorney as permitted by applicable rule

*/s/ S. Michael Musa-Obregon*

S. Michael Musa-Obregon, Esq.
MUSA-OBREGON LAW P.C.
Musa-Obregon Law PC
140 Grand Street, Suite 307
White Plains, NY 10601
michael@musa-obregon.com
718-803-1000
 February 14, 2026 New York, NY

32

Appendix A

Martinez v. Hyde, No. 25-11613, 2025 WL 2084238 (D. Mass. July 24, 2025); Bautista v. Santacruz, No. 25-cv-01873, 2025 WL 2670875 (C.D. Cal. July 28, 2025); Gonzalez v. Noem, No. 25-cv-02054, 2025 WL 2633187 (C.D. Cal. Aug. 13, 2025); Lopez Benitez v. Francis, No. 25 Civ. 5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Dos Santos v. Noem, No. 25-cv-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Arrazola-Gonzalez v. Noem, No. 25-cv-01789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Maldonado v. Olson, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Romero v. Hyde, No. 25-11631, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); Samb v. Joyce, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Ramirez Clavijo v. Kaiser, No. 25-cv-06248, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); Quinonez Mercado v. Dep't Homeland Sec., No. 25-cv-12066, 2025 WL 2430423 (D. Mass. Aug. 22, 2025); Leal-Hernandez v. Noem, No. 25-cv-02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); Kostak v. Trump, No. 25-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); Diaz Diaz v. Mattivelo, No. 25-cv-12226, 2025 WL 2457610 (D. Mass. Aug. 27, 2025); Lopez-Campos v. Raycraft, No. 25-cv12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Francisco T. v. Bondi, No. 25-CV-03219, 2025 WL 2629839 (D. Minn. Aug. 29, 2025); Chogllo Chafla v. Scott, No. 25-cv-00437, 2025 WL 2531027 (D. Me. Sept. 2, 2025); Salvador v. Bondi, No. 25-cv-07946, 2025 WL 2995055 (C.D. Cal. Sept. 2, 2025); Hernandez Nieves v. Kaiser, No. 25-cv-06921, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Garcia v. Noem, No. 25-cv02180, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Doe v. Moniz, No. 25-cv-12094, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); Mosqueda v. Noem, No. 25-cv-02304, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); Jimenez v. FCI Berlin, Warden, No. 25-cv-326, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); Guzman v. Andrews, No. 25-cv-01015, 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); Sampiao v. Hyde, No. 25-cv11981, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); Pizzaro Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); Hernandez Marcelo v. Trump, No. 25-cv-00094, 2025 WL 2741230 (S.D. Iowa Sept. 10, 2025); Lopez Santos v. Noem, No. 25-CV-01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-06924, 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025); Munoz Materano v. Arteta, No. 25 Civ. 6137, 2025 WL 2630826 (S.D.N.Y. Sept. 12, 2025); Pablo Sequen v. Kaiser, No. 25-cv-06487, 2025 WL 2650637 (N.D. Cal. Sept. 16, 2025); Garcia Cortes v. Noem, No. 25-cv02677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); Vazquez v. Feeley, No. 25-cv-01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); Salazar v. Dedos, No. 25-cv-00835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); Oliveros v. Kaiser, No. 25-cv-07117, 2025 WL 2677125 (N.D. Cal. Sept. 18, 2025); Castellanos v. Kaiser, No. 25-cv-07962, 2025 WL 2689853 (N.D. Cal. Sept. 18, 2025); Barrera v. Tindall, No. 25-cv541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); Chiliquinga Yumbillo v. Stamper, No. 25-cv-00479, 2025 WL 2688160 (D. Me. Sept. 19, 2025); Hasan v. Crawford, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); Singh v. Lewis, No. 25-cv-96, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); Chogllo Chafla v. Scott, No. 25-cv-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025); Lepe v. Andrews, No. 25-cv01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); Giron Reyes v. Lyons, No. C25-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); Barrajas v. Noem, No. 25-cv-00322, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025); Roman v. Noem, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); Roa v. Albarran, No. 25-cv-07802, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025); Lopez v. Hardin, No. 25-cv-830, 2025 WL 2732717 (M.D. Fla. Sept. 25, 2025); Valencia Zapata v. Kaiser, No. 25-cv-07492, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); Zumba v. Bondi, No. 25-cv-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025);

Inlago Tocagon v. Moniz, No. 25-cv-12453, 2025 WL 2778023 (D. Mass. Sept. 29, 2025); Romero-Nolasco v. McDonald, No. 25-cv-12492, 2025 WL 2778036 (D. Mass. Sept. 29, 2025); Chang Barrios v. Shepley, No. 25-cv-00406, 2025 WL 2772579 (D. Me. Sept. 29, 2025); J.U. v. Maldonado, No. 25-CV-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); Quispe v. Crawford, No. 25-cv-1471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025); Flores v. Noem, No. 25-cv-02490, 2025 WL 3050062 (C.D. Cal. Sept. 29, 2025); Helbrum v. Williams, No. 25-cv-00349, 2025 WL 2840273 (S.D. Iowa Sept. 30, 2025); Chiliquinga Yumbillo v. Stamper, No. 25-cv-00479, 2025 WL 2783642 (D. Me. Sept. 30, 2025); Quispe Ardiles v. Noem, No. 25-cv-01382, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); Rodriguez v. Bostock, No. 25-cv-05240, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025); Belsai D.S. v. Bondi, No. 25-cv-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); Rocha v. Hyde, No. 25-CV-12584, 2025 WL 2807692 (D. Mass. Oct. 2, 2025); Chanaguano Caiza v. Scott, No. 25-cv-00500, 2025 WL 2806416 (D. Me. Oct. 2, 2025); Casun v. Hyde, No. 25-cv-427, 2025 WL 2806769 (D.R.I. Oct. 2, 2025); Guzman Alfaro v. Wamsley, No. 25-cv01706, 2025 WL 2822113 (W.D. Wash. Oct. 2, 2025); Echevarria v. Bondi, No. CV-25-03252, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025); Pelico v. Kaiser, No. 25-cv-07286, 2025 WL 2822876 (N.D. Cal. Oct. 3, 2025); Patel v. Tindall, No. 25-cv-373, 2025 WL 2823607 (W.D. Ky. Oct. 3, 2025); Guerrero Orellana v. Moniz, No. 25-cv-12664, 2025 WL 2809996 (D. Mass. Oct. 3, 2025); Elias Escobar v. Hyde, No. 25-cv12620, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Pop v. Noem, No. 25-cv-02589, 2025 WL 3050095 (C.D. Cal. Oct. 3, 2025); Artiga v. Genalo, No. 25-CV-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); Hyppolite v. Noem, No. 25-CV-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); Cumes v. Moniz, No. 25cv-12514, 2025 WL 3197637 (D. Mass. Oct. 6, 2025); S.D.B.B. v. Johnson, No. 25-cv-882, 2025 WL 2845170 (M.D.N.C. Oct. 7, 2025); Buenrostro-Mendez v. Bondi, No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); Ledesma Gonzalez v. Bostock, No. 25-cv-01404, 2025 WL 2841574 (W.D. Wash. Oct. 7, 2025); B.D.V.S. v. Forestal, No. 25-cv-01968, 2025 WL 2855743 (S.D. Ind. Oct. 8, 2025); A.A. v. Olson, No. 25-3381, 2025 WL 2886729 (D. Minn. Oct. 8, 2025); Covarrubias v. Vergara, No. 25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); Ortiz Donis v. Chestnut, No. 25-CV-01228, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); Chavez v. Kaiser, No. 25-cv-06984, 2025 WL 2909526 (N.D. Cal. Oct. 9, 2025); Ballestros v. Noem, No. 25-cv-594, 2025 WL 2880831 (W.D. Ky. Oct. 9, 2025); Rico-Tapia v. Smith, No. 25-00379, 2025 WL 2950089 (D. Haw. Oct. 10, 2025); Carlos v. Noem, No. 25-cv-01900, 2025 WL 2896156 (D. Nev. Oct. 10, 2025);

Castillo v. Lyons, No. 25-cv-16219, 2025 WL 2940990 (D.N.J. Oct. 10, 2025); Ortiz Martinez v. Wamsley, No. 25-cv-01822, 2025 WL 2899116 (W.D. Wash. Oct. 10, 2025); Alejandro v. Olson, No. 25-cv-02027, 2025 WL 2896348 (S.D. Ind. Oct. 11, 2025); E.C. v. Noem, No. 25-cv01789, 2025 WL 2916264 (D. Nev. Oct. 14, 2025); Singh v. Lyons, No. 25-cv-01606, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); Merino v. Ripa, No. 25-23845, 2025 WL 2941609 (S.D. Fla. Oct. 15, 2025); Teyim v. Perry, No. 25-cv-01615, 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); Mejia v. Woosley, No. 25-cv-82, 2025 WL 2933852 (W.D. Ky. Oct. 15, 2025); Pablo Sequen v. Albarran, No. 25-cv-06487, 2025 WL 2935630 (N.D. Cal. Oct. 15, 2025); Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr., No. 25-2453, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025); J.S.H.M v. Wofford, No. 25-CV-01309, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025); Piña v. Stamper, No. 25-cv-00509, 2025 WL 2939298 (D. Me. Oct. 16, 2025); Ochoa Ochoa v. Noem, No. 25 CV 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); Hernandez Hernandez v. Crawford, No. 25-cv-01565, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025); Contreras-Cervantes v. Raycraft, No. 25-cv-13073, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); Sanchez Alvarez v. Noem, No. 25-cv-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025); Sabi Polo v. Chestnut, No. 25-CV-01342, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025); Zamora v. Noem, No. 25-12750, 2025 WL 2958879 (D. Mass. Oct. 17, 2025); Menjivar Sanchez v. Wofford, No. 25-cv-01187,

2025 WL 2959274 (E.D. Cal. Oct. 17, 2025); Gutierrez v. Baltasar, No. 25-CV-2720, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); Benitez-Cornejo v. Cantu, No. CV-25-03672, 2025 WL 2992211 (D. Ariz. Oct. 17, 2025); Sandoval v. Raycraft, No. 25-cv12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); Pacheco Mayen v. Raycraft, No. 25-cv-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); Zecua v. Lyons, No. 25-cv-09794, 2025 WL 3150680 (C.D. Cal. Oct. 17, 2025); H.G.V.U. v. Smith, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); De La Cruz v. Noem, No. C25-150, 2025 WL 3110876 (N.D. Iowa Oct. 20, 2025); Da Silva v. Bondi, No. 25-cv12672, 2025 WL 2969163 (D. Mass. Oct. 21, 2025); Maldonado v. Baker, No. 25-3084, 2025 WL 2968042 (D. Md. Oct. 21, 2025); Miguel v. Noem, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); Casio-Mejia v. Raycraft, No. 25-cv-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739 (E.D. Mich. Oct. 21, 2025); Santos Franco v. Raycraft, 37 No. 25-cv-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); Avila v. Bondi, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); Buestan v. Chu, No. 25-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); Pineda v. Simon, No. 25-cv-01616, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); Garcia v. Wamsley, No. 25-cv-01980, 2025 WL 3208777 (W.D. Wash. Oct. 21, 2025); Bethancourt Soto v. Soto, No. 25-cv16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025); Garcia v. Noem, No. 25-cv-02771, 2025 WL 2986672 (C.D. Cal. Oct. 22, 2025); Loa Caballero v. Baltazar, No. 25-cv-03120, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); Padilla v. Noem, No. 25 CV 12462, 2025 WL 2977742 (N.D. Ill. Oct. 22, 2025); Martinez v. Trump, No. 25-1445, 2025 WL 3124847 (W.D. La. Oct. 22, 2025); Lomeu v. Soto, No. 25cv16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025); Maldonado v. Cabezas, No. 25-13004, 2025 WL 2985256 (D.N.J. Oct. 23, 2025); Del Cid v. Bondi, No. 25-cv-00304, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025); Esquivel-Ipina v. Larose, No. 25-CV-2672, 2025 WL 2998361 (S.D. Cal. Oct. 24, 2025); Hernandez v. Baltazar, No. 25-cv03094, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); Patel v. Crowley, No. 25 C 11180, 2025 WL 2996787 (N.D. Ill. Oct. 24, 2025); Aguilar Guerra v. Joyce, No. 25-cv-00534, 2025 WL 2999042 (D. Me. Oct. 24, 2025); Carmona v. Noem, No. 25-cv-1131, 2025 WL 2992222 (W.D. Mich. Oct. 24, 2025); Lapop v. Noem, No. 25-cv-016666, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); Helal v. Janecka, No. 25-cv-02650, 2025 WL 3190132 (C.D. Cal. Oct. 24, 2025); Arias Lopez v. Hyde, No. 25-12680, 2025 WL 3197806 (D. Mass. Oct. 24, 2025); J.A.C.P. v. Wofford, No. 25-cv-01354, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lopez v. Warden, Otay Mesa Detention Ctr., No. 25-cv-2527, 2025 WL 3005346 (S.D. Cal. Oct. 27, 2025); Sanchez v. Olson, No. 25 CV 12453, 2025 WL 3004580 (N.D. Ill. Oct. 27, 2025); Garcia Picazo v. Sheehan, No. C25-4057, 2025 WL 3006188 (N.D. Iowa Oct. 27, 2025); Martinez-Elvir v. Olson, No. 25-CV-589, 2025 WL 3006772 (W.D. Ky. Oct. 27, 2025); Pineda Velasquez v. Noem, No. 25-3215, 2025 WL 3003684 (D. Md. Oct. 27, 2025); Gimenez Gonzalez v. Raycraft, No. 25-cv-13094, 2025 WL 3006185 (E.D. Mich. Oct. 27, 2025); Tomas Elias v. Hyde, No. 25-cv-540, 2025 WL 3004437 (D.R.I. Oct. 27, 2025); Duarte Escobar v. Perry, No. 25cv758, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); Puerto-Hernandez v. Lynch, No. 25-cv1097, 2025 WL 3012033 (W.D. Mich. Oct. 28, 2025); Patel v. Almodovar, No. 25-15345, 2025 WL 3012323 (D.N.J. Oct. 28, 2025); J.G.O. v. Francis, No. 25-CV-7233, 2025 WL 3040142 (S.D.N.Y. Oct. 28, 2025); Lopez v. Hardin, No. 25-cv-830, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); Corona Diaz v. Olson, No. 25 CV 12141, 2025 WL 3022170 (N.D. Ill. Oct. 29, 2025); Garcia v. Noem, No. 25-cv-1271, 2025 WL 3017200 (W.D. Mich. Oct. 29, 2025); Rodriguez v. Noem, No. 25-cv-1196, 2025 WL 3022212 (W.D. Mich. Oct. 29, 2025); Ramirez Valverde v. Olson, No. 25-CV-1502, 2025 WL 3022700 (E.D. Wis. Oct. 29, 2025); Oliva v. Noem, No. 25-cv-1592, 2025 WL 3145712 (E.D. Va. Oct. 29, 2025); Martinez Lopez v. Larose, No. 25-cv-2717, 2025 WL 3030457 (S.D. Cal. Oct. 30, 2025); Singh v. Bondi, No. 25-cv-02101, 2025 WL 3029524 (S.D. Ind. Oct. 30, 2025); Ayala Amaya v. Bondi, No. 25-cv-16428, 2025 WL 3033880

(D.N.J. Oct. 30, 2025); L.A.E. v. Wamsley, No. 25-cv-01975, 2025 WL 3037856 (D. Ore. Oct. 30, 2025); Astudillo v. Hyde, No. 25-551, 2025 WL 3035083 (D.R.I. Oct. 30, 2025); Lopez v. Sheehan, No. 25-CV-4052, 2025 WL 3046183 (N.D. Iowa Oct. 30, 2025); Escobar-Ruiz v. Raycraft, No. 25-cv-1232, 2025 WL 3039255 (W.D. Mich. Oct. 31, 2025); De Jesus Ramirez v. Noem, No. 25-cv-1261, 2025 WL 3039266 (W.D. Mich. Oct. 31, 2025); Ruiz Yarleque v. Noem, No. 25-cv-02836, 2025 WL 3043936 (C.D. Cal. Oct. 31, 2025); Arauz v. Baltazar, No. 25-cv-03260, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); Valencia v. Noem, No. 25-cv12829, 2025 WL 3042520 (N.D. Ill. Oct. 31, 2025); Ponce v. Olson, No. 25-cv-13037, 2025 WL 3049785 (N.D. Ill. Oct. 31, 2025); Mejia v. Noem, No. 25-cv-1227, 2025 WL 3041827 (W.D. Mich. Oct. 31, 2025); Godinez-Lopez v. Ladwig, No. 25-cv-02962, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); M.M. v. Wamsley, No. 25-cv-02074, 2025 WL 3053023 (W.D. Wash. Oct. 31, 2025); Garcia v. Noem, No. 25-cv00879, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025); J.A.M. v. Streeval, No. 25-cv-342, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025); Flores v. Olson, No. 25 C 12916, 2025 WL 3063540 (N.D. Ill. Nov. 3, 2025); D.E.C.T. v. Noem, No. 25 C 12463, 2025 WL 3063650 (N.D. Ill. Nov. 3, 2025); Mboup v. Field Off. Dir. of N.J. Immigr. and Customs Enf't, No. 25-cv-16882, 2025 WL 3062791 (D.N.J. Nov. 3, 2025); Ramos v. Rokosky, No. 25cv15892, 2025 WL 3063588 (D.N.J. Nov. 3, 2025); Gonzalez v. Sterling, No. 25-CV-6080, 2025 WL 3145764 (N.D. Ga. Nov. 3, 2025); F.M.V. v. Wofford, No. 25-cv-01381, 2025 WL 3083934 (E.D. Cal. Nov. 4, 2025); Beltran v. Noem, No. 25cv2650, 2025 WL 3078837 (S.D. Cal. Nov. 4, 2025); Alonso v. Tindall, No. 25-cv-652, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025); Mendoza v. Noem, No. 25-cv-1252, 2025 WL 3077589 (W.D. Mich. Nov. 4, 2025); Tumba Huamani v. Francis, No. 25-cv-8110, 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025); Alvarez Ortiz v. Freden, No. 25-CV-960, 2025 WL 3085032 (W.D.N.Y. Nov. 4, 2025); R.E. v. Bondi, No. 25-CV-3946, 2025 WL 3146312 (D. Minn. Nov. 4, 2025); Arizmendi v. Noem, No. 25 C 13041, 2025 WL 3089107 (N.D. Ill. Nov. 5, 2025); Hernandez Capote v. Sec'y of U.S. Dep't of Homeland Sec., No. 25-13128, 2025 WL 3089756 (E.D. Mich. Nov. 5, 2025); Lopez v. Noem, No. 25-16890, 2025 WL 3101889 (D.N.J. Nov. 5, 2025); Sarmiento v. Perry, No. 25-cv-01644, 2025 WL 3091140 (E.D. Va. Nov. 5, 2025); Rojas Vargas v. Bondi, No. 25-cv-01699, 2025 WL 3251728 (W.D. Tex. Nov. 5, 2025); Mirzoev v. Olson, No. 25-cv-12969, 2025 WL 3101969 (N.D. Ill. Nov. 6, 2025); Pacheco Carrillo v. Noem, No. 25 C 12963, 2025 WL 3101993 (N.D. Ill. Nov. 6, 2025); Hernandez-Luna v. Noem, No. 25-cv-01818, 2025 WL 3102039 (D. Nev. Nov. 6, 2025); Vicens-Marquez v. Soto, No. 25-16906, 2025 WL 3097496 (D.N.J. Nov. 6, 2025); Romero Perez v. Francis, No. 25-cv-8112, 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025); Garcia v. Noem, No. 25-cv-1712, 2025 WL 3111223 (E.D. Va. Nov. 6, 2025); Vasquez Carcamo v. Noem, No. 25-cv-00922, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025); Arredondo v. Olson, No. 25-cv-12882, 2025 WL 3124149 (N.D. Ill. Nov. 7, 2025); Rios v. Noem, No. 25-cv-13180, 2025 WL 3124173 (N.D. Ill. Nov. 7, 2025); Morales-Martinez v. Raycraft, No. 25-cv-13303, 2025 WL 3124695 (E.D. Mich. Nov. 7, 2025); Garcia v. Raycraft, No. 25-cv-1281, 2025 WL 3122800 (W.D. Mich. Nov. 7, 2025); Serrano v. Noem, No. 25-cv-1320, 2025 WL 3122825 (W.D. Mich. Nov. 7, 2025); Mendez v. Noem, No. 25-cv-02062, 2025 WL 3124285 (D. Nev. Nov. 7, 2025); Cantero Garcia v. Wamsley, No. 25-cv-02092, 2025 WL 3123996 (W.D. Wash. Nov. 7, 2025); Cruz-Gamez v. Bondi, No. 25-cv-02154, 2025 WL 3130820 (W.D. Wash. Nov. 7, 2025); O.P.A.M. v. Wofford, No. 25-cv-01423, 2025 WL 3120552 (E.D. Cal. Nov. 7, 2025); Munoz v. Noem, No. 25-CV-1753, 2025 WL 3218241 (W.D. Tex. Nov. 7, 2025); Guartazaca Sumba v. Crowley, No. 25-CV-13034, 2025 WL 3126512 (N.D. Ill. Nov. 9, 2025); Perez v. Noem, No. 25 C 13442, 2025 WL 3140692 (N.D. Ill. Nov. 10, 2025); Pere-Gomez v. Warden, Camp E. Mont. Det. Facility, No. 25cv773, 2025 WL 3141103 (E.D. Va. Nov. 10, 2025); Otilio B.F. v. Andrews, No. 25-cv-01398, 2025 WL 3152480 (E.D. Cal. Nov. 11, 2025); Martinez v. Noem, No. 25-cv-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025); Lopez Briseno v. Noem, No. 25 C

12092, 2025 WL 3145985 (N.D. Ill. Nov. 11, 2025); Sharan S. v. Chestnut, No. 25-cv-01427, 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025); Aquino v. LaRose, No. 25cv-2904, 2025 WL 3158676 (S.D. Cal. Nov. 12, 2025); Guevara v. Swearingen, No. 25 C 12549, 2025 WL 3158151 (N.D. Ill. Nov. 12, 2025); Vasquez Gonzalez v. Olson, No. 25 C 13162, 2025 WL 3158191 (N.D. Ill. Nov. 12, 2025); Diego v. Raycraft, No. 25-13288, 2025 WL 3159106 (E.D. Mich. Nov. 12, 2025); Alvarez v. Noem, No. 25-cv-1313, 2025 WL 3151948 (W.D. Mich. Nov. 12, 2025); Lucero v. Noem, No. 25cv-1295, 2025 WL 3165235 (W.D. Mich. Nov. 12, 2025); E.M. v. Noem, No. 25-cv-3975, 2025 WL 3157839 (D. Minn. Nov. 12, 2025); Guaman Naula v. Noem, No. 25-16792, 2025 WL 3158490 (D.N.J. Nov. 12, 2025); J.Y.L.C. v. Bostock, No. 25-cv-02083, 2025 WL 3169865 (D. Ore. Nov. 12, 2025); Quinapanta v. Bondi, No. 25-cv-795, 2025 WL 3157867 (W.D. Wis. Nov. 12, 2025); Marin v. Andrews, No. 25-cv01422, 2025 WL 3171484 (E.D. Cal. Nov. 13, 2025); Calel v. LaRose, No. 25-cv-02883, 2025 WL 3171898 (S.D. Cal. Nov. 13, 2025); Cabrera v. Noem, No. 25 C 12160, 2025 WL 3171288 (N.D. Ill. Nov. 13, 2025); Serrano v. Salazar, No. 25 C 13170, 2025 WL 3171354 (N.D. Ill. Nov. 13, 2025); Delgado Avila v. Crowley, No. 25-cv-00533, 2025 WL 3171175 (S.D. Ind. Nov. 13, 2025); Caguana-Caguana v. Moniz, No. 25-cv13142, 2025 WL 3171043 (D. Mass. Nov. 13, 2025); Anselmo v. Moniz, No. 25-cv-13309, 2025 WL 3171137 (D. Mass. Nov. 13, 2025); Singh v. Noem, No. 25-cv-1251, 2025 WL 3170855 (W.D. Mich. Nov. 13, 2025); Hernandez v. Noem, No. 25-cv-1307, 2025 WL 3170872 (W.D. Mich. Nov. 13, 2025); Lara v. Noem, No. 25-cv-1332, 2025 WL 3170876 (W.D. Mich. Nov. 13, 2025); Gonzalez v. Noem, No. 25-cv-1315, 2025 WL 3170879 (W.D. Mich. Nov. 13, 2025); Rueda Torres v. Francis, No. 25 Civ. 8408, 2025 WL 3168759 (S.D.N.Y. Nov. 13, 2025); Cantu-Cortes v. O'Neill, No. 25-cv-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); Ramandi v. Field Off. Dir., ICE ERO San Francisco, No. 25-CV-01462, 2025 WL 3182732 (E.D. Cal. Nov. 14, 2025); Barreno v. Baltasar, No. 25-cv-03017, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); Villa v. Normand, No. 25-cv-89, 2025 WL 3188406 (S.D. Ga. Nov. 14, 2025); Rodriguez Loredo v. Forestal, No. 25 C 12758, 2025 WL 3187319 (N.D. Ill. Nov. 14, 2025); Quinonez v. Olson, No. 25 CV 13524, 2025 WL 3190598 (N.D. Ill. Nov. 14, 2025); Beltrand v. Mattos, No. 25-cv-01430, 2025 WL 3205283 (D. Nev. Nov. 14, 2025); Pu Sacvin v. Anda-Ybarra, No. 25-cv-01031, 2025 WL 3187432 (D.N.M. Nov. 14, 2025); Cuy Comes v. Deleon, No. 25 Civ. 9283, 2025 WL 3206491 (S.D.N.Y. Nov. 14, 2025); Chavez v. Dir. of Detroit Field Off., No. 25-cv-2061, 2025 WL 3187080 (N.D. Ohio Nov. 14, 2025); Kashranov v. Jamison, No. 25-cv-05555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); Cruz Gutierrez v. Thompson, No. 25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); Cardona-Lozano v. Noem, No. 25CV-1784, 2025 WL 3218244 (W.D. Tex. Nov. 14, 2025); Morillo v. Albarran, No. 25-cv-01533, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); Faizyan v. Casey, No. 25-cv-02884, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025); Aguilar v. Noem, No. 25 C 12731, 2025 WL 3204568 (N.D. Ill. Nov. 17, 2025); Soto-Garcia v. Olson, No. 25-cv-13736, 2025 WL 3204594 (N.D. Ill. Nov. 17, 2025); Ayala v. Olson, No. 25 C 13317, 2025 WL 3210398 (N.D. Ill. Nov. 17, 2025); Lara v. Olson, No. 25 C 13110, 2025 WL 3210403 (N.D. Ill. Nov. 17, 2025); Balderas v. Olson, No. 25 C 12749, 2025 WL 3210422 (N.D. Ill. Nov. 17, 2025); Garcia v. Olson, No. 25 C 13621, 2025 WL 3210425 (N.D. Ill. Nov. 17, 2025); Alvarez v. Olson, No. 25 C 13410, 2025 WL 3210461 (N.D. Ill. Nov. 17, 2025); Alarcon v. Moniz, No. 25-cv-13294, 2025 WL 3204553 (D. Mass. Nov. 17, 2025); Gonzalez v. Raycraft, No. 25-13502, 2025 WL 3218242 (E.D. Mich. Nov. 17, 2025); Orellana v. Noem, No. 25-cv-1333, 2025 WL 3198685 (W.D. Mich. Nov. 17, 2025); Cardona v. Unknown Party, No. 25-cv-1287, 2025 WL 3200682 (W.D. Mich. Nov. 17, 2025); Sevilla v. Noem, No. 25-cv-1325, 2025 WL 3200698 (W.D. Mich. Nov. 17, 2025); Guerra v. Noem, No. 25-cv-1341, 2025 WL 3204289 (W.D. Mich. Nov. 17, 2025); Escobar Salgado v. Mattos, No. 25-cv-01872, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Sandoval v. Rokosky, No. 25-17229, 2025 WL 3204746 (D.N.J. Nov. 17, 2025); Yupangui

v. Hale, No. 25-cv-884, 2025 WL 3207070 (D. Vt. Nov. 17, 2025); Castillo v. Wamsley, No. 25-cv-02172, 2025 WL 3204370 (W.D. Wash. Nov. 17, 2025); Diaz v. Albarran, No. 25-cv-09837, 2025 WL 3214972 (N.D. Cal. Nov. 18, 2025); Torres v. Bondi, No. 25-cv-02457, 2025 WL 3214773 (S.D. Cal. Nov. 18, 2025); Ruiz v. LaRose, No. 25-cv-02714, 2025 WL 3214975 (S.D. Cal. Nov. 18, 2025); Sanchez v. Noem, No. 25-CV-3068, 2025 WL 3214987 (S.D. Cal. Nov. 18, 2025); Perez v. Olson, No. 25 C 13731, 2025 WL 3213967 (N.D. Ill. Nov. 18, 2025); Lopez v. Olson, No. 25-cv-654, 2025 WL 3217036 (W.D. Ky. Nov. 18, 2025); Mendez v. Raycraft, No. 25-cv-1323, 2025 WL 3214100 (W.D. Mich. Nov. 18, 2025); Eshdavlatov v. Arnott, No. 25-cv-00844, 2025 WL 3217838 (W.D. Mo. Nov. 18, 2025); Rodriguez v. Arnott, No. 25-cv-00836, 2025 WL 3218553 (W.D. Mo. Nov. 18, 2025); Cornejo-Mejia v. Bernacke, No. 25-cv-02139, 2025 WL 3222482 (D. Nev. Nov. 18, 2025); Sarmiento Guerrero v. Noem, No. 25-CV-5881, 2025 WL 3214787 (E.D.N.Y. Nov. 18, 2025); Guzman Cardenas v. Almodovar, No. 25-CV-9169, 2025 WL 3215573 (S.D.N.Y. Nov. 18, 2025); Villegas ex. rel. Guzman Andujar v. Francis, No. 25-cv-09199, 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025); Demirel v. Fed. Det. Ctr. Philadelphia, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); Cortina v. Anda-Ybarra, No. 25-CV-00523, 2025 WL 3218682 (W.D. Tex. Nov. 18, 2025); Singh v. Andrews, No. 25-cv-01543, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); W.V.S.M. v. Wofford, No. 25-cv01489, 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); Elias v. Knight, No. 25-cv-00594, 2025 WL 3228262 (D. Idaho Nov. 19, 2025); Esparza v. Knight, No. 25-cv-00601, 2025 WL 3228282 (D. Idaho Nov. 19, 2025); Rodriguez v. Knight, No. 25-cv-00600, 2025 WL 3228285 (D. Idaho Nov. 19, 2025); Cordoba v. Knight, No. 25-cv-00605, 2025 WL 3228945 (D. Idaho Nov. 19, 2025); Ibarra v. Knight, No. 25-cv-00597, 2025 WL 3228968 (D. Idaho Nov. 19, 2025); Arredondo v. Hollinshead, No. 25-cv-00609, 2025 WL 3228972 (D. Idaho Nov. 19, 2025); Esparza v. Hollinshead, No. 25-cv-00599, 2025 WL 3228974 (D. Idaho Nov. 19, 2025); Gonzalez v. Knight, No. 25-cv-00602, 2025 WL 3228975 (D. Idaho Nov. 19, 2025); Hernandez v. Bondi, No. 25-cv-00615, 2025 WL 3228976 (D. Idaho Nov. 19, 2025); Martinez v. Knight, No. 25-cv-00610, 2025 WL 3228987 (D. Idaho Nov. 19, 2025); Casarez v. Thompson, No. 25-cv-00596, 2025 WL 3228988 (D. Idaho Nov. 19, 2025); Lopez v. Anderson, No. 25-cv-00621, 2025 WL 3228997 (D. Idaho Nov. 19, 2025); Camacho v. Hollinshead, No. 25-cv-00593, 2025 WL 3228998 (D. Idaho Nov. 19, 2025); Rangel v. Knight, No. 25-cv-00607, 2025 WL 3229000 (D. Idaho Nov. 19, 2025); Serrato v. Anderson, No. 25-cv-00603, 2025 WL 3229001 (D. Idaho Nov. 19, 2025); Elias v. Knight, No. 25-cv-00604, 2025 WL 3229013 (D. Idaho Nov. 19, 2025); Ramirez v. Noem, No. 25 C 13651, 2025 WL 3227341 (N.D. Ill. Nov. 19, 2025); Lobera v. Noem, No. 25 CV 13593, 2025 WL 3228984 (N.D. Ill. Nov. 19, 2025); Gonzalez v. Olson, No. 25 C 13439, 2025 WL 3237190 (N.D. Ill. Nov. 19, 2025); Del Villar v. Noem, No. 25-CV-00137, 2025 WL 3231630 (W.D. Ky. Nov. 19, 2025); Ibarra v. Noem, No. 25-cv-1335, 2025 WL 3223765 (W.D. Mich. Nov. 19, 2025); Ortiz v. Raycraft, No. 25-cv-1328, 2025 WL 3223771 (W.D. Mich. Nov. 19, 2025); Martinez v. Unknown Party, No. 25-cv-1298, 2025 WL 3223774 (W.D. Mich. Nov. 19, 2025); Pastor v. Raycraft, No. 25-cv-1301, 2025 WL 3223777 (W.D. Mich. Nov. 19, 2025); Hernandez Franco v. Raycraft, No. 25-cv-1274, 2025 WL 3223780 (W.D. Mich. Nov. 19, 2025); Orozco-Martinez v. Lynch, No. 25-cv-1353, 2025 WL 3223786 (W.D. Mich. Nov. 19, 2025); Francisco T. V. Bondi, No. 25-CV03219, 2025 WL 3236513 (D. Minn. Nov. 19, 2025); Mairena-Munguia v. Arnott, No. 25-cv-3318, 2025 WL 3229132 (W.D. Mo. Nov. 19, 2025); Ortiz v. Bernacke, No. 25-cv-01833, 2025 WL 3237291 (D. Nev. Nov. 19, 2025); Sales v. Mattos, No. 25-cv-01819, 2025 WL 3237366 (D. Nev. Nov. 19, 2025); Duran v. Bernacke, No. 25-cv-02105, 2025 WL 3237451 (D. Nev. Nov. 19, 2025); Perez v. Lyons, No. 25-cv-17186, 2025 WL 3238540 (D.N.J. Nov. 19, 2025); Ndiaye v. Jamison, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); Figueroa v. Hermosillo, No. 25-cv-02228, 2025 WL 3230466 (W.D. Wash. Nov. 19, 2025); Manzanarez v. Bondi, No. 25-cv-

01536, 2025 WL 3247258 (E.D. Cal. Nov. 20, 2025); Flores v. Noem, No. 25-cv-03011, 2025 WL 3240807 (S.D. Cal. Nov. 20, 2025); Boffill v. Field Off. Dir., No. 25-cv-25179, 2025 WL 3246868 (S.D. Fla. Nov. 20, 2025); Rusu v. Noem, No. 25 C 13819, 2025 WL 3240911 (N.D. Ill. Nov. 20, 2025); Salinas v. Woosley, No. 25-cv-121, 2025 WL 3243837 (W.D. Ky. Nov. 20, 2025); Curillo v. Noem, No. 25-cv-1340, 2025 WL 3235737 (W.D. Mich. Nov. 20, 2025); Beltran v. Raycraft, No. 25-cv1352, 2025 WL 3237429 (W.D. Mich. Nov. 20, 2025); Sanchez v. Noem, No. 25-cv-1361, 2025 WL 3237435 (W.D. Mich. Nov. 20, 2025); Melgar v. Noem, No. 25-cv-1377, 2025 WL 3240058 (W.D. Mich. Nov. 20, 2025); Cabrera-Cortes v. Knight, No. 25-cv-01976, 2025 WL 3240971 (D. Nev. Nov. 20, 2025); Sandhu v. Tsoukaris, No. 25-14607, 2025 WL 3240810 (D.N.J. Nov. 20, 2025); Lucero v. Soto, No. 2516737, 2025 WL 3240895 (D.N.J. Nov. 20, 2025); Sun v. Almodovar, No. 25-cv-9262, 2025 WL 3241268 (S.D.N.Y. Nov. 20, 2025); Escarcega v. Olson, No. CIV-25-1129, 2025 WL 3243438 (W.D. Okla. Nov. 20, 2025); Patel v. McShane, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); Plascencia v. Bondi, No. CV-25-04140, 2025 WL 3250914 (D. Ariz. Nov. 21, 2025); Padilla v. Bowen, No. 25-cv-10780, 2025 WL 3251368 (C.D. Cal. Nov. 21, 2025); Singh v. Bowen, No. 25-cv-03034, 2025 WL 3251437 (C.D. Cal. Nov. 21, 2025); Juarez v. Noem, No. 25-cv-02972, 2025 WL 3251658 (C.D. Cal. Nov. 21, 2025); Velasquez v. LaRose, No. 25-CV-3137, 2025 WL 3251373 (S.D. Cal. Nov. 21, 2025); Diaz-Villatoro v. LaRose, No. 25-CV-3087, 2025 WL 3251377 (S.D. Cal. Nov. 21, 2025); Santos v. LaRose, No. 25-cv-3009, 2025 WL 3251575 (S.D. Cal. Nov. 21, 2025); Marroquin v. LaRose, No. 25-cv-3013, 2025 WL 3251579 (S.D. Cal. Nov. 21, 2025); Lucas-Miguel v. LaRose, No. 25-cv-3022, 2025 WL 3251580 (S.D. Cal. Nov. 21, 2025); Garcia v. Raycraft, No. 25-cv-13407, 2025 WL 3252286 (E.D. Mich. Nov. 21, 2025); Delcid v. Noem, No. 25-cv-1366, 2025 WL 3251139 (W.D. Mich. Nov. 21, 2025); Oropeza v. Noem, No. 25-cv-1343, 2025 WL 3251140 (W.D. Mich. Nov. 21, 2025); Delgado v. Noem, No. 25-cv-1249, 2025 WL 3251144 (W.D. Mich. Nov. 21, 2025); Velasquez-Gomez v. Soto, No. 25-17327, 2025 WL 3251443 (D.N.J. Nov. 21, 2025); Valerio v. Joyce, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); Gomez v. Bondi, No. C25-2248, 2025 WL 3251157 (W.D. Wash. Nov. 21, 2025); Ramos v. Hermosillo, No. 25-cv-02273, 2025 WL 3251159 (W.D. Wash. Nov. 21, 2025); Padilla v. Galovich, No. 25-cv-863, 2025 WL 3251446 (W.D. Wis. Nov. 21, 2025).


Appendix B


Pipa-Aquise v. Bondi, No. 25-cv-01094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); Chavez v. Noem, No. 25-cv-02325, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); Vargas Lopez v. Trump, No. 25CV526, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); Cirrus Rojas v. Olson, No. 25-cv-1437, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025); Sandoval v. Acuna, No. 25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); Oliveira v. Patterson, No. 25-cv-01463, 2025 WL 3095972 (W.D. La. Nov. 4, 2025); Mejia Olalde v. Noem, No. 25-cv-00168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); Altamirano Ramos v. Lyons, No. 25-cv09785, 2025 WL 3199872 (C.D. Cal. Nov. 12, 2025); Cabanas v. Bondi, No. 25-cv-04830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); Valencia v. Chestnut, No. 25-cv-01550, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); Alonzo v. Noem, No. 25-cv-01519, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); De Andrade v. Patterson, No. 25-cv-01695, 2025 WL 3252707 (W.D. La. Nov. 21, 2025).